IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PMC PROPERTY GROUP, INC., et al. | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-2945 |
| APOGEE WAUSAU GROUP, INC. d/b/a WAUSAU WINDOW & WALL SYSTEMS | : | |
| | : | |

MEMORANDUM

Bartle, J.                                          October 22, 2024

        Plaintiffs PMC Property Group, Inc. ("PMC") and 30 N. 23rd Street Associates, LLC f/k/a 23rd Street Lot B Owner LLC ("Owner") bring this diversity action against defendant Apogee Wausau Group, Inc. d/b/a Wausau Window & Wall Systems ("Wausau").  They allege claims for breach of contract (Count I), promissory estoppel (Count II), and unjust enrichment (Count III).

        Before the court is the motion of Wausau to dismiss plaintiffs' complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Doc. # 4).

I

        For present purposes, the court must accept as true all well-pleaded facts in plaintiffs' complaint.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The court may also consider "exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol.

Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).  When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

The complaint must plead more than "labels and conclusions." Twombly, 550 U.S. 545.  It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555) (internal quotations and alterations omitted).  Instead, it must contain sufficient factual content to state a claim that is plausible on its face.  Id. at 678.

II

PMC is a real estate development company based in Philadelphia.  It recently developed the Riverwalk, a two-tower mixed-use project on 23rd and Arch Streets, along the Schuylkill.  Owner, which underwent a change of name, is the record title holder of Riverwalk Tower II.

According to the complaint, PMC and Owner contracted with Wausau to design, fabricate, and supply window wall systems

-2-

for the Riverwalk.  Plaintiffs assert and reassert that there is one contract consisting of two documents.  First, the Quote Confirmation, identified as "Wausau Quote No. 4 278652-Rev04" and dated April 21, 2020, obligates Wausau to sell and deliver 3,865 curtain wall panels and other related materials and furnish design labor for $15,088,806 in connection with the construction of Tower II.  PMC and the Owner allege that the Quote Confirmation was a form provided by Wausau.  This document, although dated April 21, 2020, was executed on April 15, 2020 by Luke Schessler on behalf of Wausau and on April 23, 2020 by Andrew Feldman, PMC Senior Project Manager, on behalf of PMC.  The Owner was not mentioned or named as a party.

The Quote Confirmation excludes the recovery of consequential damages:

> WAUSAU EXPRESSLY DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OR ANY OTHER OBLIGATION OR LIABILITY NOT EXPRESSLY SET FORTH IN ITS STANDARD TERMS OF WARRANTY. WAUSAU WILL NOT BE LIABLE UNDER ANY CIRCUMSTANCES FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR PUNITIVE DAMAGES OF ANY KIND.

According to the complaint, the above Quote Confirmation was amended by the "First Amendment and Supplementary Conditions to Quote Confirmation #278652-Rev03 Wausau Window & Wall System Riverwalk – Building D" ("First Amendment").  PMC and the Owner allege that they required the

-3-

First Amendment to be executed simultaneously to the Quote
Confirmation "[a]s a condition to accepting the Quote
Confirmation . . . to balance the terms of the overall contract
agreement."  The First Amendment states: "In no event shall
Wausau be responsible for delays caused by or the result of
Owner-specified materials/vendors or for indirect,
consequential, exemplary, or punitive damages."

Although the First Amendment is titled "Supplementary
Conditions to Quote Confirmation #278652-Rev03" and states that
it "supplement[s] and modif[ies] the Exclusions, Qualifications,
and Terms set forth in the Quote Confirmation dated March 17,
2020," the plaintiffs allege that it is actually an amendment to
Quote Confirmation #78652-Rev04—the above mentioned Quote
Confirmation dated April 21, 2020.  They further aver the number
of Quote Confirmation used in the First Amendment is in error
and that the numbering system, which was Wausau's, was
meaningless.

The First Amendment was signed on April 23, 2020 by
Feldman and on May 13, 2020 by Amadou Sar, Vice President of
Sales & Marketing at Wausau.  In contrast to the April 21, 2020
Quote Confirmation, Feldman signed the Amendment on behalf of
"PMC Property Group, Inc., Systems Solely As Agent for the
Owner."  The signature block identifies the owner as "2301 JFK
Owner L.P."  However, the introductory paragraph of the First

-4-

Amendment states that this contract is between Wausau and "PMC
Property Group, Inc., as agent for the Owner, 23rd Street Lot B
Owner, LLC[.]"  PMC and the Owner allege that the use of the
name "2301 JFK Owner L.P." was a "typographical error."  They
assert that the correct signatory to the contract is plaintiff
30 N. 23rd Street Associates, LLC, which was formerly known as
23rd Street Lot B Owner LLC.[1]

        Plaintiffs further allege that the parties commenced
performance on this single contract.  Wausau prepared a
schedule, dated April 15, 2020, which contemplated that it would
receive a purchase order from PMC and the Owner on April 17,
2020.  Wausau would then ship its first load of curtain wall
panels to Tower II the week of November 25, 2020.  However, PMC
and the Owner assert in the complaint that Wausau did not make
its first delivery of curtain wall panels until January 2021 – a
delay of three months.  Similar delays persisted, and on
multiple occasions, Wausau provided updated delivery schedules.
PMC and the Owner notified Wausau several times that these
delays were not acceptable.

        In December 2021, Wausau circulated a new schedule
with a final shipment date of August 2022.  PMC and the Owner
withheld payment for Wausau's January 18, 2022 invoice due to

---

1.   This entity changed its name with the Pennsylvania
Department of State on April 15, 2021.

these delays.  After Wausau circulated the new schedule, PMC and
the Owner issued written notice of their intent to "declare
Wausau in default under the Contract," which plaintiffs define
as the "Quote Confirmation, together with the First Amendment."
They provided Wausau an opportunity to cure by providing an
acceptable delivery schedule by May 31, 2022, but it failed to
do so.  PMC and the Owner issued a formal Notice of Default on
July 21, 2022.

The plaintiffs further allege that Wausau "failed to
provide podium perforated panels, the retail curtain wall, stool
metal for the hoist units and other miscellaneous items to the
project in a timely fashion" which resulted in damages.  PMC and
the Owner assert that they suffered "additional design,
material, supplier, installation, and construction costs to
complete Wausau's scope of work under the Contract, as well as
lost garage parking and residential unit rents, exceeding
$2,600,000."

III

Wausau first moves to dismiss for lack of subject
matter jurisdiction.  It argues that PMC has failed to establish
standing because it does not identify any damage that it
suffered.  Plaintiffs identify a variety of damages in their
complaint but do not distinguish which party suffered which

damages.  Wausau concludes that all of these damages were only
suffered by Owner, and therefore, PMC has not alleged an injury.

PMC and the Owner challenge this conclusion and assert
that their complaint alleges that both parties suffered these
injuries.  Although further discovery may show otherwise,
plaintiffs have plausibly alleged at this stage that both
entities suffered this damage.  Taking the allegations as true,
PMC has alleged that it was injured and therefore has standing.

IV

Wausau next raises multiple challenges to the
enforceability of the Quote Confirmation and the First
Amendment.  First, it argues that the Owner cannot assert a
claim against it under the Quote Confirmation because the Owner
is not a party to it.  At this early stage, the Owner has
adequately pleaded that it is a party to the Quote Confirmation
since it has plausibly alleged that the Quote Confirmation and
the First Amendment are one contract.

Next, Wausau argues that the Owner is unable to sue
under the First Amendment because it is unenforceable.
According to Wausau, the First Amendment has multiple
typographical errors and is missing an essential term, that is a
complete schedule that permits the parties to assess Wausau's
alleged delays.  While it is true that the First Amendment does
not contain a schedule, the court cannot say that this omission

-7-

is fatal at this time.  Thus the claim for breach of contract brought by the Owner stands at this stage of the action.

Even if the First Amendment is otherwise enforceable by the Owner, Wausau asserts that PMC may not assert a claim under it because it is not named as a party.  Wausau points to the amendment's language that PMC signed the First Amendment as an agent rather than a principal and that the First Amendment states there are no intended beneficiaries.

Wausau further references this court's holding in a previous related lawsuit that PMC is not a signatory to the First Amendment and thus that PMC cannot sue Wausau for delays in breach of the First Amendment.  Apogee Wausau Grp., Inc. v. PMC Prop. Grp., Inc., Civ. A. No. 22-3690, 2024 WL 2057359, at *6 (E.D. Pa. May 8, 2024) (Doc. # 53).  The court understands Wausau is raising the defense of collateral estoppel.  In Pennsylvania,

> [c]ollateral estoppel applies if (1) the
> issue decided in the prior case is identical
> to one presented in the later case; (2)
> there was a final judgment on the merits;
> (3) the party against whom the plea is
> asserted was a party or in privity with a
> party in the prior case; (4) the party or
> person privy to the party against whom the
> doctrine is asserted had a full and fair
> opportunity to litigate the issue in the
> prior proceeding and (5) the determination
> in the prior proceeding was essential to the
> judgment.

City of Pittsburgh v. Zoning Bd. of Adjustment, 559 A.2d 896,
901 (Pa. 1989).

In Apogee Wausau Group, Wausau sued PMC for its
failure to pay invoices for product it delivered in connection
with the construction of Tower II of the Riverwalk.  Memorandum
at 3, Apogee Wausau Grp., 2024 WL 2057359, at *1-2.  PMC brought
counterclaims, asserting that Wausau had breached the First
Amendment for its shipping delays.  This court granted partial
summary judgment in favor of Wausau and against PMC on that part
of PMC's counterclaim which asserted a breach of contract
against Wausau under the First Amendment.  Order, Apogee Wausau
Grp., Inc., Civ. A. No. 22-3690 (E.D. Pa. May 8, 2024) (Doc.
# 54).  The court did so on the ground that PMC was not a party
to it.

PMC then moved for reconsideration of this order (Doc.
# 55) and "for leave to join 30 North 23rd Street Associates,
LLC, f/k/a 23rd Street Lot B Owner LLC as co-defendant under
F.R.C.P. 19, 20 or in the alternative, for leave to amend its
answer and counterclaim under F.R.C.P. 15" (Doc. # 56). Before
the court ruled on these motions, the parties settled the case
and requested that the court enter an order dismissing the case
pursuant to Rule 41.1(b) of the Local Civil Rules of this court.
Such order, which dismissed the action with prejudice and
without costs, was entered on September 17, 2024.  Order, Apogee

<u>Wausau Grp., Inc. v. PMC Prop. Grp., Inc.</u>, Civ. A. No. 22-3690 (E.D. Pa. Sept. 18, 2024) (Doc. # 85).

As noted above, there must be a final judgment on the merits for collateral estoppel to apply.  Under the Restatement (Second) of Judgments, which has been adopted in Pennsylvania, <u>see Witkowski</u>, 173 F.3d at 199, a final judgment is "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (Am. L. Inst. 1982).  In determining finality, courts may consider whether the parties were fully heard, whether a reasoned opinion was filed, and whether the decision could have been, or actually was, appealed. <u>Id.</u> at cmt. g.

In <u>Free Speech Coalition, Inc. v. Attorney General of the United States</u>, 677 F.3d 519, 541 (3d Cir. 2012), our Court of Appeals held that a partial grant of summary judgment was insufficiently final to warrant collateral estoppel on that issue in the subsequent case.  Citing the Restatement (Second) of Judgments, the Court explained that the decision granting partial summary judgment was not "'sufficiently firm' to be afforded preclusive effect" because after the decision, plaintiffs continued to maintain their claims, were never able to appeal the court's decision on partial summary judgment, and

-10-

their motion to alter or amend the judgment was still pending when the parties moved to dismiss their claims.  Id. at 541.

The procedural postures in the prior action involving PMC is remarkably similar to that in Free Speech Coalition. PMC's motion for reconsideration of the court's order of partial summary judgment in the earlier action was pending when the parties moved to dismiss their claims.  The court never rendered a decision on all of the parties' claims.  In addition, PMC could not appeal the decision against it on partial summary judgment, and it continued to have its breach of contract claim thereafter.  The decision in that earlier case is not sufficiently firm to be afforded preclusive effect in this case. As the partial summary judgment in favor of Wausau was not a sufficiently final judgment, Wausau's collateral estoppel argument fails.

Wausau also maintains that plaintiffs cannot assert claims for lost garage parking and residential unit rent because they constitute consequential damages.  Wausau is correct.

A party may seek consequential damages in the event of a breach.  The Pennsylvania Commercial Code defines consequential damages as "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise."  13 Pa. Stat.

-11-

§ 2715(b)(1); see also James Corp. v. N. Allegheny Sch. Dist.,
938 A.2d 474, 497 (Pa. Cmmw. Ct. 2007).  Direct, or general,
damages, are those which "flow directly from the breach."
Canters Deli Las Vegas, LLC v. FreedomPay, Inc., 460 F. Supp. 3d
560, 571 (E.D. Pa. 2020).  Under Pennsylvania law, parties to
sales contracts may exclude liability for consequential damages.
See N.Y. State Elec. & Gas Corp. v. Westinghouse Elec. Corp.,
564 A.2d 919, 924 (Pa. Super. Ct. 1989); see also 13 Pa. Stat.
§ 2719(c).

Lost profits are a form of consequential damages when
they do not flow directly from the breach of contact.  See A/M
P/M Franchise Ass'n v. Atl. Richfield Co., 584 A.2d 915, 921
n.8, 923 (Pa. 1990).  In Condominium Association Court of Old
Swedes v. Stein-O'Brien, a condominium association sued Stein-
O'Brien, one of its members, for her refusal to pay her fees.
She counterclaimed that the association had failed to maintain
its common elements, which resulted in her inability to rent her
unit to third parties.  973 A.2d 475, 478-79 (Pa. Commw. Ct.
2009).  The court identified Stein-O'Brien's lost rental income
as a consequential damage and remanded the case for further
proceedings.  Id. at 483-84, 486.

As noted above, both the Quote Confirmation and the
First Amendment exclude the recovery of consequential damages.
Wausau simply contracted with plaintiffs to provide curtain wall

panels and other material.  Under this contract, direct damages
are the plaintiffs' cost to replace any nonconforming goods.  As
lost rent for parking and residential units is the result of an
"intervening factor," such damages are consequential.
Combustion Sys. Servs., Inc. v. Schuylkill Energy Res., Inc.,
Civ. A. No. 92-4228, 1993 WL 496946, at *3 (E.D. Pa. Nov. 19,
1993).  Because the parties have agreed to exclude consequential
damages, plaintiffs cannot recover lost rent.

        Plaintiffs make a second argument that it is premature
to categorize damages at this stage of the litigation.  However,
the court may rule at this stage when, as here, a fair reading
of the complaint describes damages as consequential as a matter
of law.  Clark Dist. Sys., Inc. v. ALG Direct, Inc., Civ. A. No.
10-2575, 2012 WL 3686771, at *3 (M.D. Pa. Aug. 27, 2012).

        The court will dismiss plaintiffs' breach of contract
claim to the extent that it seeks lost rent.

                                V

        Finally, Wausau moves to dismiss PMC and the Owner's
claims for promissory estoppel (Count II) and unjust enrichment
(Count III).  First, Wausau argues that it is improper to assert
claims for equitable relief where a valid contract exists.  It
states that no party disputes the enforceability of the Quote
Confirmation.  PMC and the Owner counter that plaintiffs may
plead equitable claims in the alternative when the existence of

                              -13-

a contract is in dispute.  Under Rule 8(d)(3) of the Federal
Rules of Civil Procedure, "[a] party may state as many separate
claims or defenses as it has, regardless of consistency."

Wausau further argues that PMC and the Owner have
failed to plead the elements of either promissory estoppel or
unjust enrichment.   To state a claim for promissory estoppel,
plaintiff must allege:

> (1) the promisor made a promise that [it]
> should have reasonably expected would induce
> action or forbearance on the part of the
> promisee;
>
> (2) the promisee actually took action or
> refrained from taking action in reliance on
> the promise; and
>
> (3) injustice can be avoided only by
> enforcing the promise.

Sullivan v. Chartwell Investment Ps., LP, 873 A.2d 710, 717-18
(Pa. Sup. Ct. 2005).

First, Wausau asserts that PMC and the Owner have not
identified that it made definite promises to plaintiffs.  In
support of its proposition, Wausau cites Ankerstjerne v.
Schlumberger, Ltd., 155 F. App'x 48 (3d Cir. 2005).  In that
action, our Court of Appeals determined on summary judgment that
one comment by defendant regarding a compensation plan was "too
indefinite and vague" to constitute a promise that would
reasonably induce forbearance on the part of the plaintiff.
However, PMC and the Owner have satisfied the pleading standard

-14-

to show that Wausau made a promise to which they would reasonably rely.  The complaint is rife with allegations that Wausau promised to deliver curtain wall panels, among other materials, to PMC and the Owner for the timely construction of Tower II of the Riverwalk.

Next, Wausau maintains that plaintiffs failed to plead that they "actually took" action or refrained from taking any actions in reliance on this promise.  Plaintiffs in turn argue that their allegations show reliance as they continued to await shipments by Wausau and to pay for such materials upon delivery. See, e.g., Holtec Int'l v. ARC Machs., Inc., 492 F. Supp. 3d 430, 443-44 (W.D. Pa. 2020).  In Holtec, plaintiff alleged that, for a period of two years, defendant continually assured it that repairing its machines would be sufficient and that Holtec was able to delay replacements.  The court determined that plaintiff sufficiently pleaded that it was induced to refrain from replacing its equipment.  In this action, Wausau's assurances, which accompanied its delays, induced PMC and the Owner to fail to seek replacement goods.  Plaintiffs have sufficiently alleged a claim for promissory estoppel.

To state a claim for unjust enrichment, a plaintiff must plead that (1) plaintiff conferred a benefit upon defendant; (2) defendant appreciated such benefits; and (3) it would be inequitable for defendant to accept and retain those

benefits.  <u>Downey v First Indemnity Ins.</u>, 214 F. Supp. 3d 414, 430 (E.D. Pa. 2016).  Wausau argues that plaintiffs cannot plead that it was unjustly enriched on the basis of its retained payments.  This argument ignores plaintiffs' central allegation: that payments it did make are an unjust benefit to Wausau due to the delays that PMC and the Owner suffered.  The court must take the plaintiffs' allegations as true at this stage.  PMC and the Owner have adequately pleaded a claim for unjust enrichment.

VI

This case is in its very early stage.  No discovery has taken place.  The court of course makes no final determination, except as noted above, as to the merits of plaintiffs' claims or any defenses to be advanced by Wausau.

Accordingly, the motion of Wausau to dismiss the complaint will be denied in part and granted in part.  Plaintiffs' demand in their breach of contract claim for lost rent will be dismissed.  The motion will otherwise be denied.